UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Luis Henrique Goncalves** <br><br> *Petitioner,* <br><br> v. <br><br> **PATRICIA HYDE,** Boston Field Office Director, Immigration and Customs Enforcement; **TODD LYONS**, Acting Director U.S. Immigration and Customs Enforcement, and **KRISTI NOEM**, U.S. Secretary of Homeland Security, <br><br> *Respondents.* | Civ. No. 25-cv-11368 <br><br><br> **PETITION FOR WRIT HABEAS CORPUS** <br><br> **ORAL ARGUMENT REQUESTED** |

## INTRODUCTION

1. Petitioner Luis Goncalves is a Cape Verdean national and legal permanent resident (LPR) of the United States. On information and belief, he was unlawfully detained by federal immigration agents on May 14, 2025.

2. Accordingly, to vindicate Petitioner's constitutional rights, this Court should grant the instant petition for a writ of habeas corpus.

3. Petitioner asks this Court to find that he was unlawfully detained and order his release.

## JURISDICTION

4. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

1

5. Venue is proper because Petitioner resides and was detained in Massachusetts, and on information and belief is detained in the District of Massachusetts.

## PARTIES

6. The Petitioner Luis Goncalves is a legal permanent resident who resides in Massachusetts.

7. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement Boston.

8. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

9. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

10. All respondents are named in their official capacities.

11. On information and belief, Petitioner is currently in custody in the District of Massachusetts, and one or more of the Respondents is his immediate custodian.

## STATEMENT OF FACTS

12. Mr. Goncalves has lived in the United States as a legal permanent resident since he was 17 years old.

13. On December 27, 2024, Mr. Goncalves was returning home from a trip abroad when the Customs and Border Protection (CBP) officers took him into deferred inspection and questioned him about a prior Massachusetts criminal conviction. Officers released Mr. Goncalves and told him to return to the deferred inspection area of Logan Airport on February 26, 2025, with documents related to Docket # 1883CR00034 from Plymouth Superior court.

14. On February 11, 2025, Mr. Goncalves filed a Motion for New Trial on the above-mentioned criminal case and requested an extension of his return date to Logan. He was given until May 14, 2025.

15. On May 8, 2025, the Massachusetts criminal case against Mr. Goncalves was vacated on constitutional grounds. See Exhibit 1.

16. On May 14, along with counsel, Mr. Goncalves returned to the deferred inspection area of Logan International Airport. He provided CBP officers with the state court Judge's order vacating his criminal conviction.

17. At approximately 4:20pm, CBP officers informed counsel that they were not releasing Mr. Goncalves and would be issuing a Notice to Appear. Counsel was not provided with any documentation.

18. On information and belief, Mr. Goncalves is being detained as an "arriving alien" under 8 U.S.C §1225. An "arriving alien" is defined as "any applicant for admission coming or attempting to come to the United States at a port-of-entry." 8 C.F.R. § 1.2

19. Under 8 U.S.C. § 1101(a)(13)(C), as an LPR, Mr. Goncalves may only be regarded as an applicant for admission, and thus an arriving alien, if he meets one or more of the enumerated criteria. Upon information and belief, Mr. Goncalves is being charged with seeking admission based on 8 U.S.C. § 1101(a)(13)(C)(v).

20. Because Mr. Goncalves' conviction has been vacated, he does not meet the above criteria and therefore does not fall within the category of LPRs regarded as seeking admission.

21. However, because the government has classified him as an arriving alien, Mr. Goncalves is not entitled to a bond hearing before an immigration judge. 8 U.S.C §1225(b)(2)(A).

22. Without the possibility of a bond hearing, the government's incorrect classification of Mr. Goncalves as an arriving alien leaves Mr. Goncalves with no mechanism to challenge the legality of his detention other than in habeas.

**FIRST CAUSE OF ACTION**
**(Violation of Fifth Amendment Right to Due Process)**

23. On information and belief, Mr. Goncalves is currently being arrested and detained by federal agents without cause and in violation of his constitutional right to due process of law.

**SECOND CAUSE OF ACTION**
**(RIGHT TO A BOND HEARING UNDER 8 U.S.C. 1226(a))**

24. The Government's decision to decision to detain Mr. Goncalves under 8 U.S.C. § 1225 is unlawful, therefore, at a minimum entitled to a bond hearing under 8 U.S.C. § 1226(a).

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner asks that this Court grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Massachusetts;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately.

(6) In the alternative, issue a Writ of Habeas corpus ordering an bond determination hearing by an immigration judge.

(7) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this May 14, 2025,

*Attorneys for the Petitioner*


  /s/  Jennifer Klein            .

Jennifer Klein (BBO# 678858)
Committee for Public Counsel Services
6 Pleasant Street
Malden, MA 02148
781-338-0825
jklein@publiccounsel.net


 /s/Justin R. Dashner          

Justin R. Dashner, Esq.
BBO# 688786
90 Canal Street, Fourth Floor
Boston, MA 02114
(617) 871-9765
justin@dashnerlawfirm.com